McFARLAND, J., dissenting.
I dissent. The court peremptorily instructed the jury to find for the plaintiff; and, in my *326 opinion, it ought to have been left to the jury to determine1 whether or not tire money sued for was a loan or a gift. Upon that question the evidence was clearly conflicting. The plaintiff testified that it was a loan and not a gift, but her cross-examination and the evidence introduced on the part of the defendant left that question in great doubt, and it was a proper question to-go to the jury. The question here was not whether a certain gift was procured by undue influence, but whether a certain transaction was a loan or a gift. There was no pretense on the part of the plaintiff that the transaction was a gift obtained byunuue influence; her testimony, in which the transaction is given in detail, clearly establishes, in my opinion, that, whether it was a gift or a loan, there was no undue influence. It appears to have been considered necessary for the defendant to have appeared and testified that the gift was not procured by undue influence, or to-have produced some other evidence establishing that point; but, if the defendant had testified that there was no undue influence, the plaintiff could not, consistently with the testimony she had already given, have denied that there was no undue influence.
I do not think it true as a general proposition of law that a transfer of property between a husband and wife, whether in the form of a gift or otherwise, is prima facie void. It is at best only voidable at the instance of the party seeking to avoid it, and in, such case there should be a rescission or offer to rescind within the proper time. The provision of section 158 of the Civil Code that “either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might if unmarried,” coupled with the further provision, “subject in transactions between themselves to the general rules which control the actions of persons occupying confidential relations with each other, as defined in the title on trusts,” is very difficult of construction. The title on trusts deals with parties one of whom is always the trustee and the other the beneficiary, and it is very difficult to make all of its provisions applicable to the case of a husband and wife, where, if they can be considered as trustees at all, both are trustees and both beneficiaries. The bearing of these two parts of the code upon each other has never been definitely settled by judicial construction, and I do not think that it w1'1! be ultimately held that a transaction of any kind between husband and wife as to property is *327 ■prima facie void. Such a construction would lead to: embarrassment and confusion. But, as before said, this subject is not, in my opinion, involved in this action.
. I think the judgment should be reversed.
The following.is the opinion of Mr. Justice Harrison, filed by him in Department, on the 15th of June, 1897: